UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PATRICIA JOHNSON,** | § | Civil Action No. <u>5:19-cv-1463</u> |
| **Individually and on behalf** | § | |
| **of all others similarly situated** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Plaintiff,* | § | |
| | § | **COLLECTIVE ACTION** |
| **v.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| **TRG CUSTOMER SOLUTIONS, INC.** | § | |
| **D/B/A IBEX GLOBAL SOLUTIONS** | § | |
| | § | **CLASS ACTION PURSUANT** |
| *Defendant.* | § | **TO FED. R. CIV. P. 23(b)(3)** |

## PLAINTIFFS' COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Patricia Johnson ("Plaintiff") brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for TRG Customer Solutions, Inc. d/b/a IBEX Global Solutions (hereinafter "Defendant" or "IBEX"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while the respective state law claim is asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

**I.**

**OVERVIEW**

1.      This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the State of Texas to recover unpaid wages, overtime wages, and other applicable penalties.

2.      Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for IBEX in call centers anywhere in the United States at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Specifically, IBEX has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.      IBEX's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.       IBEX knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant statutes of limitation.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA, or Texas state law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the respective state law claim as a class action pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Johnson designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11.     Plaintiff Patricia Johnson ("Johnson") has been employed by IBEX during the relevant time periods. Plaintiff Johnson has not received compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The Putative Class Members are those current and former hourly call-center employees who were employed by IBEX at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

13.     The Texas Common-Law Class Members are those current and former hourly call-center employees who were employed by IBEX in the State of Texas at any time during the last four years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Johnson works and is paid.

---

[1] The written consent of Patricia Johnson is hereby attached as Exhibit "A."

14.     Defendant TRG Customer Solutions, Inc. d/b/a IBEX Global Solutions is a foreign for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent: **CORPORATION SERVICE COMPANY d/b/a CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.**

### III.
### JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.     This Court has supplemental jurisdiction over the additional Texas state-law claim pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over IBEX because the cause of action arose within this District as a result of IBEX's conduct within this District and Division.

18.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.     Specifically, IBEX has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Johnson worked in San Antonio, Texas throughout her employment with IBEX, all of which are located within this District and Division.

20.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### ADDITIONAL FACTS

21.     IBEX is a multinational customer solutions services company with its United States headquarters located in Washington, D.C. and with locations across the five countries employing over

15,000 workers.[2] IBEX's call centers operate throughout the United States to serve its business clients' customers.

22.     To provide its services, IBEX employed (and continues to employ) numerous hourly call-center employees–Plaintiff and the individuals that make up the putative class.

23.     Plaintiff and the Putative Class Members' job duties generally consisted of answering phone calls made by IBEX's customers, answering customer inquiries, and troubleshooting customer problems.

24.     Plaintiff Johnson was employed by IBEX as a Customer Service Representative and later as a Tech Support Representative in San Antonio, Texas from approximately 2015 until July of 2018.

25.     Plaintiff and the Putative Class Members were (and are) non-exempt call-center employees who were (and are) paid by the hour.

26.     Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

27.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four hours "off-the-clock" per week and have not been compensated for that time.

28.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for IBEX as a result of IBEX's corporate policy and practice of paying its employees only for their scheduled shifts; that is, requiring its hourly call-center employees to clock-in only when ready to take their first call, at the start of their scheduled shift.

---

[2] https://ibexglobal.jobs.net/en-US/page/About-IBEX-Global

29.     Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different IBEX computer programs, log in to each IBEX program, and ensure that each IBEX program is running correctly—all of which can take up to twenty minutes—before they allowed to clock in on the time keeping software application and then take their first phone call. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start they can be subject to discipline. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer off the clock.

30.     For a period of time, IBEX provided the Plaintiff and the Putative Class Members with one unpaid thirty (30) minute lunch break per shift. However, IBEX requires the Plaintiff and the Putative Class Members to perform off-the-clock work during their unpaid lunch break.

31.     Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, they then needed clock out, and then log off of their computer prior to going on their lunch break. Plaintiff and the Putative Class Members were required to log back into their computer, clock in, and get back onto the phone, the moment their thirty (30) minute lunch break ends. The log off process used prior to going to lunch could take 1-3 minutes. The log in process used after returning from lunch could take 1-3 minutes. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break as, per IBEX policy, Plaintiff and the Putative Class Members needed to otherwise be on the phone. The log off and log in procedure is short than the cold start up procedure performed at the very beginning of Plaintiff and the Putative Class Members shift.

32.     The log off, log in policy effectively cut Plaintiff and the Putative Class Members actual lunch break from the stated thirty (30) minutes to approximately twenty-four (24) to twenty-eight (28) minutes.

*Plaintiff's Original Class/Collective Action Complaint*                                    Page 6

33.     Plaintiff and the Putative Class Members were not compensated during their start-up time, although they were expected to have completed this process in advance of their official start time.

34.     Nor were Plaintiff and the Putative Class Members compensated for the time they worked for IBEX performing their log off and log in processes which were expected to have been completed off-the-clock during their unpaid lunch break.

35.     IBEX required Plaintiff and the Putative Class Members to be logged on and have all the requisite computer programs running before their first phone call, at the start of their official shift.

36.     IBEX also forced Plaintiff and the Putative Class Members only perform their log off and log in duties during their unpaid thirty (30) minute lunch break.

37.     As such, IBEX required (and continues to require) Plaintiff and the Putative Class Members to perform their start-up, log off, and log in tasks "off-the-clock" (and without pay) before their official shift begins, and during their unpaid lunch break.

38.     As a result of IBEX's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform these start-up and shut-down tasks while "off-the-clock" before the beginning of their shifts, and during their unpaid lunch break, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

39.     IBEX has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

40.     IBEX is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members, but has failed to do so.

41.     Because IBEX did not pay Plaintiff and the Putative Class Members for all hours worked and time-and-one-half for all hours worked in excess of forty (40) in a workweek, IBEX's pay policies and practices violate the FLSA.

42.     Because IBEX did not pay Plaintiff and the Putative Class Members for all hours worked on behalf of IBEX, IBEX's pay policies and practices also violate Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.      FLSA COVERAGE**

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY TRG CUSTOMER SOLUTIONS, INC. D/B/A IBEX GLOBAL SOLUTIONS, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 18, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

45.     At all times hereinafter mentioned, IBEX has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

47.     At all times hereinafter mentioned, IBEX has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has,

an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by IBEX, these individuals have provided services for IBEX that involved interstate commerce for purposes of the FLSA.

49.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50.     Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of IBEX who assisted IBEX's customers throughout the United States. 29 U.S.C. § 203(j).

51.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

53.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of IBEX.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

54.     IBEX has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

55.     Moreover, IBEX knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

56.     IBEX knew or should have known its pay practices were in violation of the FLSA.

57.     IBEX is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

58.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted IBEX to pay them according to the law.

59.     The decision and practice by IBEX to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

60.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

61.     All previous paragraphs are incorporated as though fully set forth herein.

62.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of IBEX's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

63.     Other similarly situated employees of IBEX have been victimized by IBEX's patterns, practices, and policies, which are in willful violation of the FLSA.

64.     The FLSA Collective Members are defined in Paragraph 44.

65.     IBEX's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of IBEX and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

66.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

68.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

69.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

70.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and IBEX will retain the proceeds of its violations.

71.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

72.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

## A.  VIOLATIONS OF TEXAS COMMON LAW

73.    All previous paragraphs are incorporated as though fully set forth herein.

74.    Plaintiff Johnson further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

75.    The Texas Common-Law Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY TRG CUSTOMER SOLUTIONS, INC. D/B/A IBEX GLOBAL SOLUTIONS, IN TEXAS, AT ANY TIME FROM DECEMBER 18, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

76.    The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of IBEX. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the

77.    The Texas Common-Law Class Members provided valuable services for IBEX, at IBEX's direction and with IBEX's acquiescence.

78.    IBEX accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to IBEX's policies and adherence to IBEX's schedule.

79.    IBEX was aware that Plaintiff Johnson and the Texas Common-Law Class Members expected to be compensated for the services they provided to IBEX.

80.    IBEX has therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B.  TEXAS COMMON-LAW CLASS ALLEGATIONS

81.     Plaintiff Johnson brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by IBEX to work in Texas since Dec 18, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

82.     Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

83.     The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

84.     Plaintiff Johnson is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

85.     Plaintiff Johnson and his counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

86.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

87.     Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 75.

## VI.
## RELIEF SOUGHT

88.     Plaintiff respectfully prays for judgment against IBEX as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring IBEX to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order certifying the Texas Common-Law Class as defined in Paragraph 75 and designating Plaintiff Johnson as the Class Representative of the Texas Common-Law Class;

c.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.      For an Order pursuant to Section 16(b) of the FLSA finding IBEX liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.      For an Order pursuant to Texas common law awarding Plaintiff Johnson and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

f.      For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiffs Johnson a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of IBEX, at IBEX's own expense; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 18, 2019                    Respectfully submitted,

                                             **ANDERSON ALEXANDER, PLLC**

                            By:      /s/ Clif Alexnder
                                     **Clif Alexander**
                                     Federal I.D. No. 1138436
                                     Texas Bar No. 24064805
                                     clif@a2xlaw.com
                                     **Lauren E. Braddy**
                                     Federal I.D. No. 1122168
                                     Texas Bar No. 24071993
                                     lauren@a2xlaw.com
                                     **Alan Clifton Gordon**
                                     Federal I.D. No. 19259
                                     Texas Bar No. 00793838
                                     cgordon@a2xlaw.com
                                     **Carter T. Hastings**
                                     Federal I.D. No. 3101064
                                     Texas Bar No. 24101879
                                     carter@a2xlaw.com
                                     819 N. Upper Broadway
                                     Corpus Christi, Texas 78401
                                     Telephone: (361) 452-1279
                                     Facsimile: (361) 452-1284

                                     *Attorneys for Plaintiff and the Putative Class Members*